IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF KIRBY INLAND MARINE, LP IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY; In Re: M/V SAN JACINTO | § § § § § | CIVIL ACTION NO. 4:21-CV-2966<br><br>RULE 9(h) ADMIRALTY<br><br>NON-JURY |

**VERIFIED COMPLAINT AND PETITION
FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY**

COMES NOW, Kirby Inland Marine, LP ("Kirby") as owner of the M/V SAN JACINTO ("Limitation Petitioner"), and files this, its Verified Complaint and Petition for Exoneration From and/or Limitation of Liability. This Complaint is submitted pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and 46 U.S.C. § 30501 *et seq.* In support of this Complaint, Limitation Petitioner shows as follows:

1. This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2. Venue is proper within the United States District Court for the Southern District of Texas, Houston Division pursuant to Rule F of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure because Kirby has been sued in this district with respect to a claim arising from this vessel. FED. R. CIV. P. SUPP. ADMIRALTY R. F(9).

3. This Complaint is filed within six months of Limitation Petitioner's receipt of the first written notice of claim and is, therefore, timely filed.

4. At all material times, Kirby Inland Marine, LP was and is a limited partnership formed under the laws of the State of Delaware with its principal place of business in Texas. At all material times, Kirby Inland Marine, LP was the owner of the M/V SAN JACINTO.

5. At all material times, the M/V SAN JACINTO, bearing USCG Document Number 621061, was a 118 gross registered ton towing vessel of the United States. At all material times, the M/V SAN JACINTO was tight, staunch, strong, fully and properly equipped and supplied, in all respects, seaworthy, and fit for the service for which it was engaged.

6. On March 17, 2019 the M/V SAN JACINTO was engaged in towing operations in the Houston Ship Channel and its associated waterways. Michael Randolph claims he was injured while working on the vessel on March 17-22, 2019 and April 9, 2019. As a result, Michael Randolph filed suit against Limitation Petitioner and others in Harris County, Texas. *See Michael Randolph vs. Kirby Corporation, Kirby Inland Marine, LP and Intercontinental Terminals Company, LLC*, No. 2021-14592, In the 61ST Judicial District Court of Harris County, Texas.

7. All alleged resultant losses, injuries, and/or damages, if any, resulting from the incidents referenced above were not caused or contributed to by any fault, neglect, lack of due diligence, negligence or want of due care on the part of Limitation Petitioner or of any person for whose acts it is responsible nor was the M/V SAN JACINTO in any respect unseaworthy, unsafe, or at fault. To the contrary, the incidents referenced above that occurred on or about March 17-22, 2019 and April 9, 2019, as well as any losses, injuries, and/or damages allegedly sustained by any person, firm, corporation, or legal entity arising out of the incidents were due to and/or caused by the fault, neglect, lack of due diligence, negligence, want of due care, acts and/or omissions of others for whom Limitation Petitioner is not responsible.

8. Limitation Petitioner denies that it or the M/V SAN JACINTO or any person or property for whom or which it may be responsible, is liable to any extent in the premises.

9. Limitation Petitioner claims exoneration from all liability for all losses, damages, injuries, and destruction incurred by reason of the matters aforesaid. In the alternative, and in the event

Limitation Petitioner and/or the M/V SAN JACINTO should be held responsible by reason of the incidents described above, Limitation Petitioner claims the benefits of the Limitation of Liability Act, 46 U.S.C. §§ 30501 *et seq.*, and all laws supplementary thereto and amendatory thereof, because all the losses, damages, injuries, and/or destruction resulting from the aforesaid casualty occurred without the privity or knowledge of Limitation Petitioner.

10. As shown in the Declaration of Value executed by Norman J. Dufour, Jr., attached hereto as Exhibit 1 and incorporated by reference, the value of the M/V SAN JACINTO on March 17, 2019, was $810,000.00 (EIGHT HUNDRED TEN THOUSAND AND 00/100 DOLLARS).

11. There was no freight pending owed to Limitation Petitioners and/or the M/V SAN JACINTO on March 17, 2019.

12. Limitation Petitioner files contemporaneously herewith an *ad interim stipulation* in the amount of $810,000 for its interests in the M/V SAN JACINTO plus pending freight with interest at the rate of six percent (6%) per annum from the date of the deposit of the security as may ascertained and determined to be necessary under any orders of this Honorable Court.

13. Pursuant to 46 U.S.C. §§ 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules, Limitation Petitioner is required to furnish security for costs. Accordingly, Limitation Petitioner files simultaneously herewith, a check in the amount of $1,000.00 in lieu of filing a cost bond to be deposited into the Registry of the Court.

14. To the best of Limitation Petitioner's knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the M/V SAN JACINTO and the vessel has not been and are not presently under seizure as a result of any claims or demands.

15. Limitation Petitioner claims exoneration and exemption from liability for any and all claims for damages or losses occasioned or incurred, or alleged to have been occasioned or incurred, by reason of the aforementioned incidents.

16. Limitation Petitioner further avers that it has valid defenses to the merits of any and all such claims. Limitation Petitioner specifically claims the benefits of the Limitation of Liability Act, as set forth in 46 U.S.C. §§ 30501 *et seq.* and all statutes amendatory thereof and supplementary thereto.

17. Pursuant to 46 U.S.C. §§ 30501 *et seq.*, Limitation Petitioner is entitled to have all claims and issues concerning the incidents in question consolidated in a single proceeding before the United States District Court for the Southern District of Texas, Houston Division sitting in Admiralty.

WHEREFORE, Limitation Petitioner respectfully prays that:

1. That the Court enter an order approving the aforementioned *ad interim stipulation* with the Court by Limitation Petitioner as security for the amount or value of its interest plus pending freight in the M/V SAN JACINTO.

2. That the Court issue a notice to all persons, firms, associations, or corporations asserting claims with respect to which Limitation Petitioner seeks exoneration from, or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Limitation Petitioner a copy thereof on or before the date to be named in the Notice and that if any claimant desires to contest either the right to exoneration from, or the right to limitation of liability, that claimant shall file and serve on the attorneys for Limitation Petitioner an Answer to the Complaint on or before the said date;

3. That the Court enjoin the prosecution of any and all actions, suits or proceedings which may be commenced, of any nature or description whatsoever in any jurisdiction against Limitation Petitioner or any other property of Limitation Petitioner or against Limitation Petitioner's employees or underwriters, except in this action, to recover for damages from or with respect to any bodily injury, death, damage to property or other loss or destruction resulting from the aforementioned incidents, or done, occasioned, occurred, or arising out of said voyage or incidents;

4. That the Court adjudge that Limitation Petitioner is not liable to any extent for the bodily injury, death, or property damage, loss of use or other loss or destruction resulting from the aforementioned incidents, or done, occasioned, occurred, or arising out of said voyage or incidents;

5. Alternatively, and only if Limitation Petitioner shall be adjudged liable, then it prays that such liability for any bodily injury, death, damage, loss of use to property or other loss or destruction and consequence of the said voyage or incident be limited to the amount or value of Limitation Petitioner's interest in the M/V SAN JACINTO at the end of said voyage or incidents, and that Limitation Petitioner be discharged therefrom, upon surrender of such interest and that the money surrendered, paid or secured to be paid, be divided pro rata according to the aforementioned statutes and among the claimants as they duly prove their claims in accordance with the provisions of the Order for which Limitation Petitioner has prayed herein, saving to all parties any priorities to which they may be legally entitled and that decree be entered discharging Limitation Petitioner from all further liability; and

6. That Limitation Petitioner have such other relief as they may be entitled at law, in equity, or in admiralty.

Respectfully submitted,

**CLARK HILL PLC**

By: _/s/ David James_
David James
Texas Bar No. 24032467
Mark Freeman
Texas Bar No. 07426600
Ross Jones
Texas Bar No. 00794053
Marianne Laine
Texas Bar No. 24062834
H. Scott Alexander
Texas Bar No. 00793247
2615 Calder Ave., Suite 240
Beaumont, TX 77702
Phone: (409) 351-3800
Fax:    (409) 351-3883
djames@clarkhill.com
mfreeman@clarkhill.com
rjones@clarkhill.com
mlaine@clarkhill.com
hsalexander@clarkhill.com

**AND**

Misha J. Paltiyevich
State Bar No. 24095695
909 Fannin Street, Suite 2300
Houston, Texas 77010-1036
(713) 951-5600
(713) 951-5660 Fax
mpaltiyevich@clarkhill.com

**COUNSEL FOR KIRBY INLAND MARINE, LP**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF KIRBY INLAND MARINE, LP IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY;<br>In Re: M/V SAN JACINTO | §<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br>RULE 9(h) ADMIRALTY<br><br>NON-JURY |

## VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

On this day, Kim Darnell did appear before me, the undersigned authority, and, being duly sworn, did depose and say:

1. That she is the Director, Claims and Litigation for Kirby Corporation;

2. That she is authorized to make this affidavit and to file the foregoing Complaint in Limitation on behalf of Limitation Petitioner;

3. That she has read the above and foregoing Complaint in Limitation and all the allegations of fact therein contained are true and correct, upon information, knowledge, and belief, and

4. That the source of her knowledge and the grounds for her belief being information obtained from her personal knowledge, the files and records of Kirby Inland Marine, LP and investigation by her and her representatives.

_____
Kim Darnell

SUBSCRIBED AND SWORN to before me, the undersigned authority.

_____
NOTARY PUBLIC, STATE OF TEXAS

MONICA LYNN PASSLEY
Notary Public, State of Texas
Comm. Expires 12-08-2024
Notary ID 125912450