United States District Court
Southern District of Texas
**ENTERED**
April 11, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In the Matter of Kirby Inland Marine, LP, | § § § § | Civil Action No. H-21-2966 |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is the Sanchez Claimants' Motion to Dismiss Intercontinental Terminals Company LLC's (ITC) Contribution Claim. ECF No. 125. This case has been referred to the undersigned magistrate judge for full pretrial management. ECF No. 20. Accordingly, the motion to dismiss is before the court pursuant to 28 U.S.C. § 636(b) for submission of a memorandum and recommendation. The court recommends that the motion to dismiss be **GRANTED IN PART and DENIED IN PART**.

### *1. Background and Procedural Posture*

David Hayes, Michael Randolph, and Daniel Sanchez (the Sanchez Claimants) sued Kirby Corporation, Kirby Inland Marine, LP, (Kirby) and ITC in state court for personal injuries they allegedly sustained while aboard Kirby's vessels in connection with a large fire at ITC's facility. *See* ECF Nos. 125-2, 125-3, 125-4. The Sanchez claimants allege that they were required to remain working aboard Kirby's vessels near the fire and that they were injured when exposed to toxic fumes generated by the fire. *See, e.g.*, ECF No. 125-2 at 5–10.

Kirby filed three separate federal actions[1] under the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et. seq.* ECF No. 1. Kirby seeks either exoneration from liability or to limit its liability to the value of the vessels involved in each of the Sanchez Claimants' accidents. *Id.* The Sanchez Claimants filed claims for damages against the limitation fund. ECF No. 8. ITC also filed claims against the limitation fund. ECF No. 10. ITC denies that it was negligent with respect to the fire and release of hazardous substances at its facility. ECF No. 10 at 2. ITC further alleges that "Kirby's actions and omissions constitute superseding causes that break the causal link between any fault on the part of ITC and [the Sanchez Claimants'] alleged damages." *Id.* ITC alleges that it "is entitled to contribution and indemnity from Kirby for Kirby's proportional share of any damages for which ITC may be found liable, as well as for Kirby's proportional share of the fees and expenses ITC incurs in defending against [the Sanchez Claimants'] allegations." *Id.*

The district judge consolidated the three cases, ECF No. 19, and referred the consolidated case to the undersigned magistrate judge for full pretrial management, ECF No. 20. Prior to consolidation, the district judge stayed the state court cases pending the disposition of this limitation of liability proceeding in federal court. ECF No. 5 ¶ 5.

---

[1] Southern District of Texas Civil Action Nos. 4:21-CV-2965, 4:21-CV-2966, and 4:21-CV-2967. The proceedings in all three cases prior to consolidation were similar. Citations to the district court record are to the Electronic Case Filing (ECF) numbers in the lead case, 4:21-CV-2966.

On three separate occasions, the Sanchez Claimants moved to lift the stay and each time the court denied the Sanchez Claimants' motions. *See* ECF Nos. 37, 63, 123. Because permitting a state court action to proceed after a shipowner has filed a limitation of liability action "is contingent on protecting the 'absolute' right of the shipowner to limit his or her liability," *Odeco Oil & Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996), the Sanchez Claimants filed with each of their motions to lift the stay stipulations that they argued would protect Kirby from any judgment in excess of the limitation fund. *See* ECF Nos. 21-2, 36-1, 56-2, 57-2, 58-2, 87-2, 88-2, 89-2. The undersigned concluded three times that the Sanchez Claimants' stipulations were insufficient to protect Kirby from an excess judgment. ECF Nos. 37, 63, 123.

Because the first set of stipulations were entirely inadequate, the court denied the motion to lift the stay. *See* ECF No. 37. The Sanchez Claimants did not object to that order. In denying the second round of motions to lift the stay, the undersigned explained why the stay could not be lifted. Among other things:

> The second problem [with the stipulations] has to do with the question of attorney's fees and costs. ITC is seeking its fees and costs of defense from Kirby. ECF No. 9 at 6–7. If fees and costs are assessed against Kirby, the total judgment against Kirby could exceed the limitation fund. The claimants argue that ITC, as a joint tortfeasor is not entitled to seek fees and costs in contribution from Kirby. Whether claimants are right will be determined at a later date. At this point, Claimants have not provided any protection from the eventuality that ITC's fees and costs might be assessed against Kirby.

ECF No. 63 at 3. The Sanchez Claimants did not object to that order, but instead appealed directly to the Fifth Circuit Court of Appeals. ECF Nos. 64, 65, 66. The Fifth Circuit dismissed the appeal for lack of jurisdiction, because a party may not appeal directly from a magistrate judge's order. ECF No. 99 at 2.

In connection with the third round of motions to lift the stay, the undersigned again identified one of the problems with the stipulations as follows:

> The second problem had to do with the question of attorney's fees and costs. ITC is seeking its fees and costs of defense from Kirby in the state court action. ECF No. 9 at 5–6. The court explained that if fees and costs are assessed against Kirby, the total judgment against Kirby could exceed the limitation fund. ECF No. 63 at 3. Claimants argued before, and argue again now, that ITC is not, in the context of this case, entitled to fees or costs from Kirby. Thus, according to Claimants, ITC's demand for fees and costs is not a barrier to lifting the stay. The court rejected this argument last time and rejects it again now. As explained before, whether Claimants are correct about ITC's lack of entitlement to fees and/or costs will be determined later. *Id.* The amended stipulations attached to the motions now under consideration do not even address the issue of fees and/or costs. Thus, again, Claimants have not provided any protection against the eventuality that ITC's fees and costs might be assessed against Kirby.

ECF No. 123 at 2.

In both foregoing orders denying the motions to lift the stay, the court suggested that a solution to the attorney's fees problem, if one even existed, would be to stipulate that any attorney's fee that might be recovered would be prioritized ahead of the Sanchez Claimants' recovery. *See* ECF No. 63 at 3; ECF No. 123 at 2. This

4

is an accepted practice. *See Odeco*, 74 F.3d at 673 & n.5; *Gorman v. Cerasia*, 2 F.3d 519, 525–26 (3d Cir. 1993). Rightly or wrongly, the court took the Sanchez Claimants' refusal to stipulate to the priority of ITC's attorney's fees claim against Kirby as at least some indication that the court would be unwise to disregard *sua sponte* the claim for attorney's fees. *See* ECF No. 123 at 2 (noting that "if Claimants are convinced that fees and costs are an impossibility, then there is no reason why they would not stipulate to their priority . . . .").[2] The court also had in mind the Fifth Circuit's reluctance in *Odeco* to "predict the possible developments in the state court proceedings" with respect to the various claims for indemnification and contribution. 74 F.3d at 675. This is precisely why, as is mentioned below, the court asked the parties to brief the issues of the proper timing and forum to address the issue of attorney's fees and costs. ECF No. 136.

The court notes that, at the time the foregoing orders were entered, there was no motion seeking dismissal of ITC's contribution claim or of ITC's attorney's fees claim. Those claims were pending in the case and were not ripe for resolution. Thus, those claims were live in the case and would, by definition, be "determined later."

On March 29, 2023, the Sanchez Claimants objected to the third order denying the motions to lift the stay, which the district judge denied on June 5, 2023. ECF Nos. 124, 135. In the

---

[2] In their fourth round of motions to lift stay, which the district court currently lacks jurisdiction to consider, the Sanchez Claimants have stipulated that they will prioritize their claims behind any contribution claim ITC may have against Kirby. ECF No. 172-1 at 3; ECF No. 172-2 at 2.

meantime, on April 6, 2023, the Sanchez Claimants filed their motion to dismiss ITC's contribution claim, which is now under consideration. ECF No. 125 at 2. After the parties fully briefed the motion, as mentioned above, the court requested that the parties file further briefing to address the question of whether the federal or the state court should rule on the issue of attorney's fees and whether, if the stay were lifted and the case returned to state court, there was a possibility of a conflicting ruling on the issue of attorney's fees thus exposing Kirby to an excess judgment. ECF No. 136. The parties filed their briefs on that issue on June 16, 2023. ECF Nos. 137-1, 137-2. Before the court had an opportunity to rule on the motion to dismiss, on June 29, 2023, Kirby filed its notices of appeal, ECF Nos. 140, 141, 142, which deprived this court of jurisdiction to rule on the motion. *See* ECF No. 186. The appeal has now been pending for more than nine months, during which time discovery, mediation, and other matters have been ongoing in the district court.

On March 14, 2024, the Fifth Circuit remanded the case to the district court "for the limited purpose of allowing the district court to expeditiously consider the Seaman-Claimants' motion to dismiss in the first instance." ECF No. 187.

### *2. The Scope of the Limited Remand*

Before the court considers the merits of the Sanchez Claimants' motion to dismiss, it is necessary to consider what exactly is before the court. The title of the motion is "Sanchez Claimants' Motion to Dismiss [ITC's] *Contribution* Claim." ECF No. 125 at 1 (emphasis added). The brief in support of the motion discusses only the merits of ITC's contribution claim, although it does state in one sentence that "contribution and/or indemnity for attorney's fees, costs and/or expenses is not available to ITC pursuant to controlling federal precedent." ECF No. 125-1 at 6; *see also id.* at 1–10. There is no substantive discussion of indemnity, and the proposed order seeks only to have "ITC's[] contribution claim against Kirby Inland Marine, L.P.[,]" dismissed with prejudice. ECF No. 125-5; *see also* ECF No. 125-1. The Sanchez Claimants' Reply related to Kirby's response further clarifies the focus of the motion. It states, "[t]he relief the Sanchez Claimants seek in the Motion (ECF 125) is an 'Order dismissing with prejudice the contribution claims filed by [ITC].'" ECF No. 130 at 1. Similarly, the Sanchez Claimants Reply related to ITC's response does not discuss indemnity at all. *See* ECF No. 133. In short, the issue of ITC's indemnity was never even raised as a bar to lifting the stay until *after* the case was remanded.

After the case was remanded, because the Motion to Dismiss was filed almost a year ago, the court allowed the parties to file "a brief limited to five pages informing the court of any relevant argument or authority not already cited or raised in the district court." ECF No. 189 at 1. Because the parties had been engaged in

7

briefing on appeal, the court intended merely to allow the parties to bring to the court's attention any intervening authority and to flesh out the existing arguments to assist the court in deciding the motion to dismiss. The court did not intend to permit the parties to file new motions or to expand the grounds raised in the motion that the court of appeals has directed the court to consider.

Despite the court's intentions, in its supplemental brief, ITC argued that dismissal would be inappropriate because it had not only asserted contribution claims but also indemnity claims. ECF No. 190 at 2. In their supplemental briefing, the Sanchez Claimants argue that its single, isolated reference to ITC's indemnity claim in their brief on the motion to dismiss was sufficient to raise the issue before the court. ECF No. 197 at 2 (citing ECF No. 125-1 at 6). Fearing that the court had misread the motion or the court of appeals' remand order, the court ordered the parties to brief whether the limited remand included consideration of indemnity as well as contribution. ECF No. 198. The parties have done so. ECF Nos. 199–201.

After consideration of that briefing and the court's review of all the filings in this case, the court concludes that the Sanchez Claimants did *not* raise in the motion to dismiss the issue of whether ITC's indemnity claims are valid. The remand is limited to considering the motion to dismiss as it existed prior to the appeal. That is, the court is to consider whether an entity in ITC's position may maintain a contribution claim against an entity in Kirby's position and whether attorney's fees and costs are available to an entity in ITC's position. The court concludes that

the contribution claim is viable, but the attorney's fees claim is not. Accordingly, the court recommends that the motion be **DENIED** as to the contribution claim and **GRANTED** as to the claim for attorney's fees associated with the contribution claim.

That being said, for purposes of judicial economy, the court makes an additional finding on whether ITC's indemnity claims are valid. As is discussed below, the parties have now had ample opportunity to brief that issue. To the extent that the court of appeals' remand permits this court to consider ITC's indemnity claims, the court recommends that those claims be **DISMISSED**.

### *3. Analysis*

#### *A. Standing*

ITC argues that the Sanchez Claimants lack standing to challenge ITC's contribution claim against Kirby given that the Sanchez Claimants are not parties to that claim. ECF No. 132 at 4. ITC cites several cases in support of this proposition, most of which rely on *Mantin v. Broadcast Music, Inc.*, 248 F.2d 530, 531 (9th Cir. 1957). *Mantin* states in a single sentence with no analysis that "the moving defendants, obviously, had no standing to seek dismissal of the action as to the nonmoving defendants." *Id.* at 531. One district court, which stated that "[i]t is generally accepted that parties lack standing to seek dismissal of parties other than themselves," also went on to explain that "[c]ourts are, however, permitted to dismiss a complaint *sua sponte* where 'the proper procedural steps [are] taken and [where] the determination is correct on the merits.'" *EEOC v. Brooks Run Mining Co., LLC*, No. 5:08-CV-00071, 2008 WL 2543545, at *2 (S.D. W. Va. June 23,

2008) (first alteration added) (citing *Clinton Cmty. Hosp. Corp. v. S. Md. Med. Ctr.*, 374 F. Supp. 450, 453–54 (D. Md. 1974)). The *Brooks Run* case noted that the nonmoving party had not had a chance to file any briefing on the issue before the court and therefore "[w]hile the validity of the cross-claims may well ultimately be tested, the EEOC's instant motion is not the proper method by which that should occur." *Id.* at *3 (alteration added). In other words, the court could rule on a motion filed by a party not directly affected by the claim so long as the nonmoving party had an opportunity to weigh in on it.[3]

The court is not aware of any Fifth Circuit cases on point and has not been directed to any cases in the specific context of this case. The parties have had adequate opportunity to brief the issues before the court. Moreover, the Sanchez Claimants are being directly affected by the existence of ITC's contribution claim. The court concludes that the Sanchez Claimants have standing to move to dismiss the contribution claim under the unique facts of this case.

---

[3] The *Brooks Run* court also noted that, in this context, "standing" is not being used in the traditional, *i.e.*, Article III, sense. 2008 WL 2543545, at *3 n.3.

## B. Contribution

The Sanchez Claimants argue that, because they have sued ITC and Kirby for different torts, ITC cannot obtain contribution from Kirby if the Sanchez Claimants obtain a judgment against ITC. The court first addresses the logic of this argument. To adopt the Sanchez Claimants argument would mean that ITC's right to contribution would depend on the Sanchez Claimants' strategic decisions about which parties to sue and which torts to allege. The court is aware of no authority that would allow a plaintiff's complaint to control which third-party defendants a third-party plaintiff may sue and for what cause of action.

The court also notes that the Federal Rules of Civil Procedure specifically contemplate, in the admiralty context, that an entity in ITC's position may bring in any other party who may be wholly or partly liable to either it or the plaintiff. Fed. R. Civ. P. 14(c). The rule contemplates that the third-party plaintiff might seek contribution from the third-party defendant "on account of the same transaction, occurrence, or *series of transactions or occurrences.*" *Id.* (emphasis added). The rule does not limit third-party claims to those brought by the plaintiff in the first instance.

The Sanchez Claimants base their arguments largely on an isolated sentence from *Combo Maritime, Inc. v. U.S. United Bulk Terminal, LLC,* 615 F.3d 599 (5th Cir. 2010). The court stated that "'[c]ontribution is defined as the tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being

determined as a percentage of fault." *Id.* at 602 (internal quotation marks omitted) (quoting *United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 138 (2007)). While the cited Supreme Court case does use the phrase "same tort," the citation is merely to the 2004 edition of Black's Law Dictionary. *Atl. Rsch Corp.*, 551 at 138. That definition has since changed, and no longer includes the words "same tort." *Contribution*, Black's Law Dictionary (11th ed. 2019). Moreover, *Atlantic Research* was a CERCLA case in which the question was whether contribution was available among potentially responsible parties—the question whether they were responsible for the same or different conduct was not a question in the case. *Atlantic Research*, 551 U.S. at 138–39. *Combo Maritime* cites in the very next sentence a different secondary source and states "'[t]he right of contribution exists only in favor of a tortfeasor who has discharged the entire claim for the harm by paying more than his equitable share of the common liability." 615 F.3d at 603. The idea is that when two parties are jointly responsible for a common liability (not a common tort) and one pays more than their share, contribution may be the remedy.

The facts of *Combo Maritime* prove the point. The plaintiff's vessel was damaged by barges that broke free from U.S. United Bulk Maritime Terminal's barge fleeting facility. *Combo Maritime*, 615 F.3d at 601. United filed a third-party complaint against Carnival Corp., whose cruise ship allegedly navigated too close to the fleeting facility. *Id.* Clearly, United and Carnival were not responsible for the same tort. In the context of determining whether the appeal was moot, the court of appeals had to

determine whether United could bring a contribution claim against Carnival. *Id.* at 602–04. The court concluded that "United may bring a claim for contribution against Carnival." *Id.* at 604.

The court concludes that ITC's contribution claim against Kirby is a legally viable cause of action. The court recommends that the Sanchez Claimant's motion as to the viability of the contribution claim be **DENIED**.

### C. Attorney's Fees and Costs

The Sanchez claimants argue that ITC's claim for attorney's fees and costs is not viable if it is found to be a joint tortfeasor along with Kirby. The main case on the issue is *Odd Bergs v. Tankrederi A/S v. S/T Gulfspray*, 650 F.2d 652 (5th Cir. 1981). The court held quite clearly that attorney's fees are not available when the underlying recovery is for contribution. *Id.* at 654. The reasoning is that "a tortfeasor defends against claims of its own negligence rather than the negligence of others, and it will benefit directly from the defense. It would incur the same legal expenses whether or not other parties were partly at fault for the loss and whether or not these other tortfeasors were in the action defending against claims directed against their own negligence." *Id. Odd Bergs* remains the law in this circuit and has been reaffirmed many times. *See, e.g., Sea-Land Serv., Inc. v. Crescent Towing & Salvage Co., Inc.*, 42 F.3d 960, 963 (5th Cir. 1995) (citing *Odd Bergs* and stating that attorney's fees "may not be awarded when proportionate fault and contribution are applied," and that "*Odd Bergs* holds that attorney[']s fees and legal costs incurred by a defending co-tortfeasor are not recoverable by way of contribution

from other parties who are liable. That rule is clear and directly on point in this case.").

Attorney's fees and costs are not recoverable in connection with ITC's contribution claim against Kirby, and that part of ITC's claim should be **DISMISSED with PREJUDICE**.

### D. Additional Recommendation on Indemnity

To the extent that the limited remand requires the district court to consider the validity of ITC's indemnity claims against Kirby, the court makes the following recommendation.

The court first considers ITC's argument that it has not had sufficient opportunity to brief the issue, and that the court's recent orders have required ITC to brief a motion that the Sanchez Claimants should have briefed first. After the case was remanded, the court ordered the parties to submit supplemental briefing. ECF No. 189. In response to that order, ITC—for the first time, as far as the court is concerned—argued that the Sanchez Claimants did not move to dismiss ITC's indemnity claims and that those claims would remain a bar to lifting the stay. ECF No. 190 at 2–3. ITC discussed the validity of its indemnity claim and cited many of the cases that the court will discuss next. *Id.* at 4–5. In its supplemental briefing, Kirby discussed the issue of indemnity as well. ECF No. 192 at 2. In their supplemental briefing, the Sanchez Claimants argued that they had moved to dismiss ITC's indemnity claim in its original motion to dismiss (an argument the court rejects) and went on to discuss the concept that tort indemnity does not apply to the facts of this case. ECF No. 197 at 3–4 (citing the same cases as did ITC in its supplemental briefing). In response to

14

the court's order to explain whether tort indemnity had been raised in the original motion to dismiss, and if so, to brief the issue, ECF No. 198, all three parties briefed the issue and again discussed the same cases that had, by then, been discussed at least several times. ECF Nos. 199–201. The parties have reiterated the same arguments throughout their briefing. The court concludes that further briefing would reveal no new arguments or relevant cases.

"Indemnity is a shifting of responsibility from the shoulders of one person to another . . . and may arise in contract or in tort." *Cities Serv. Co. v. Lee-Vac, Ltd.*, 761 F.2d 238, 240 (5th Cir. 1985) (citing W. Prosser, The law of Torts § 51 (4th ed. 1971)). This case concerns only indemnity arising in tort, which may occur in three circumstances: (1) because of the relationship between the indemnitor and the indemnitee giving rise to a duty; (2) because of a significant difference in the degree of the conduct between the indemnitor and the indemnitee; and (3) because of a difference in character of the duties owed by the two to the injured party. *Id.* at 240–41. ITC argues that the second and third circumstances apply in this case. ECF No. 200 at 8.

The second type circumstance under which tort indemnity may apply is in what have been referred to as "active/passive negligence" cases. *Associated Marine Equip., LLC v. Jin Yi Shipping, Inc.*, No. CIV.A. 02-436, 2002 WL 1433886, at *3 (E.D. La. July 2, 2002). In other words, this second type of tort indemnity may apply when one tortfeasor committed an affirmative act of negligence while the other failed to do something that he should have done. *Id.* But even *Cities Service* recognized that "[i]t is

doubtful whether this kind of tort indemnity will ever arise again, given the change in the law in this circuit" since that sort of indemnity was originally recognized. *Cities Serv.*, 761 F.2d at 241, n.1 (explaining that the Fifth Circuit abandoned the active/passive concept in favor of contribution among joint tortfeasors based on their relative degree of responsibility). In *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 833 (5th Cir. 1992), the Fifth Circuit characterized this second type of tort indemnity as applying when the law imposes liability on one tortfeasor even though they committed no negligent act. This is not a case falling under this second circumstance. There is no argument that ITC will owe damages to the Sanchez Claimants if a jury finds that ITC was not negligent. In this circumstance ITC is, as the *Hardy* opinion puts it, an "ordinary" defendant which will be adequately protected under the well accepted comparative negligence system. *Cf. id.* (distinguishing *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*, 761 F.2d 229 (5th Cir. 1985), wherein the non-negligent user of defective product that injured the plaintiff could recover indemnity from the manufacturer); *see also HLL Barents Schiffahrtsgesellschaft mBH & Co. v. Stolthaven New Orleans, L.L.C.*, Civil Action No. 10-2059, 10-4516, 2011 WL 2118872, at *3 (E.D. La. May 24, 2011) (Engelhardt, J.) (declining to apply the *Marathon Pipe* type of indemnity because liability would attach only if the defendant was found to be negligent).

The third circumstance in which tort indemnity might arise is when there is a difference in the character of the duty owed to an injured third party. *Cities Serv.*, 761 F.2d at 241. This might

occur when the tortfeasor seeking indemnity has a special relationship with the injured party, such as because it employs a seaman. *See LCI Shipholdings, Inc. v. Muller Weingarten AG*, 153 F.App'x 929, 931–32 (5th Cir. 2005). In such a case, an innocent employer might owe a maintenance and cure payment to the seaman and thus tort indemnity might arise in favor of the employer. *Id.*; *see also Associated Marine Equip.. LLC*, 2002 WL 1433886, at *4. There is no allegation in this case that ITC has a special relationship with the Sanchez Claimants that might require it to compensate them in the absence of negligence. This type of tort indemnity does not apply.

The court concludes that tort indemnity does not apply under the facts of this case. To the extent that the limited remand required the district court to consider this issue, the court recommends that ITC's tort indemnity claims be **DISMISSED with PREJUDICE**.

### *E. Leave to Amend*

ITC requests leave to amend to address any factual deficiencies in its pleadings. ECF No. 190 at 6. "Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). But a party seeking leave to amend "must give the court at least some notice of what [the] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may also deny leave to amend when amendment would be futile or when the party chooses to stand on the complaint and argues that it satisfies

17

the pleading requirements. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (affirming the district court's denial of leave to amend when the plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (discussing futility of amendment as justification for denying leave to amend).

Here, the problem is not a lack of facts; it is a legal insufficiency. Tort indemnity simply does not apply to the circumstances of this case. Attorney's fees are not recoverable in connection with a contribution claim. ITC argues that its pleadings are sufficient and does not suggest any factual allegation that would alter the court's conclusions herein. Leave to amend is **DENIED**.

### 4. Conclusion

The court recommends that the Sanchez Claimant's motion to dismiss, ECF No. 125, be **DENIED** as to ITC's contribution claim against Kirby and **GRANTED** as to ITC's claim for attorneys' fees. ITC's claim for attorney's fees in connection with its contribution claim should be **DISMISSED with PREJUDICE**.

To the extent that the limited remand includes consideration of ITC's tort indemnity claim against Kirby, the court recommends that the Sanchez Claimant's motion to dismiss be **GRANTED** and that ITC's tort indemnity claim against Kirby be **DISMISSED with PREJUDICE**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on April 11, 2024.

_____
Peter Bray
United States Magistrate Judge