United States District Court
Southern District of Texas
**ENTERED**
May 01, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KIRBY INLAND MARINE, LP,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Case No. 4:21-CV-02966 |
| | § | |
| **INTERCONTINENTAL TERMINALS COMPANY, LLC** and **MICHAEL RANDOLPH,** | § § § | |
| | § | |
| Claimants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the April 11, 2024 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Peter Bray. (Dkt. No. 203). Judge Bray made findings and conclusions and recommended that the Sanchez Claimants' Motion to Dismiss Intercontinental Terminal Company's Contribution Claim (Dkt. No. 125) be granted in part and denied in part.

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On April 23, 2024, the Sanchez Claimants filed objections. (Dkt. No. 208). On April 24, 2024, Intercontinental Terminals Company (ITC) filed objections. (Dkt. No. 209). The Sanchez Claimants object to Judge Bray's finding that they did not raise in their Motion to Dismiss the issue of whether ITC's indemnity claims are valid. The Sanchez Claimants also object to Judge Bray's conclusion that ITC's contribution claim against Kirby Inland Marine, LP (Kirby) is valid. ITC objects to Judge Bray's conclusion that, to the extent the Fifth Circuit's limited remand permitted

the Court to consider it, ITC's indemnity claim against Kirby should be dismissed. (Dkt. No. 209).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Judge Bray's M&R (Dkt. No. 203) is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) The Sanchez Claimants' Motion to Dismiss Intercontinental Terminal Company's Contribution Claim (Dkt. No. 125) is **GRANTED IN PART** and **DENIED IN PART**.

(3) ITC's indemnity claim against Kirby, to the extent that it is within the limited remand, is **DISMISSED WITH PREJUDICE**;

(4) ITC's claims for attorney's fees and costs against Kirby are **DISMISSED WITH PREJUDICE**;

It is SO ORDERED.

Signed on April 30, 2024.

                                                  **DREW B. TIPTON**
                                    **UNITED STATES DISTRICT JUDGE**